U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

NOV 16 2009

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| ERICK TOLSTON | CIVIL ACTION NO. 09-1673 |
| VS. | SECTION P |
| WARDEN, LINCOLN PARISH DETENTION CENTER | JUDGE WALTER |

## MEMORANDUM JUDGMENT

Proceeding *pro se* and requesting *in forma pauperis (ifp)* status, petitioner Erick Tolston filed the instant petition for *habeas corpus* on September 21, 2009. [Doc. 1] On October 1, 2009 he amended his petition and submitted his claims on the form provided for prisoners seeking *habeas corpus* relief pursuant to 28 U.S.C. §2254. [Doc. 3] According to the pleadings, on June 30, 2009, petitioner's probation was revoked by Judge Cynthia Woodard of Louisiana's Third Judicial District Court and he was ordered placed in the Central Louisiana Mental Hospital in Pineville, Louisiana. He is being detained at the Lincoln Parish Jail, Ruston, Louisiana, pending placement in that hospital.

On October 14 and October 28, 2009, the Clerk of Court received letters from petitioner. In the first letter, petitioner outlined his attempts to exhaust state court remedies prior to filing the instant suit. According to petitioner he filed a §2254 petition with the Lincoln Parish Clerk of Court and the Clerk returned it with instructions to either file the pleading in the United States District Court or re-submit his petition to the State court on the proper form. In addition, petitioner requested another *ifp* application, the appropriate form for state prisoners seeking

federal *habeas corpus* relief, and "... a court date as soon as possible..." so that he might be relieved of an order of Louisiana's Third Judicial District Court committing him to a mental hospital. [Doc. 6] In the second letter, petitioner complained that he was being abused by corrections officers at the Lincoln Parish Detention Center, Ruston, Louisiana. [Doc. 7] This conditions of confinement claim is not an appropriate claim for *habeas corpus* relief.[1]

## *Law and Analysis*

Petitioner is in custody pursuant to the judgment of a Louisiana court. Therefore, petitioner must comply with the exhaustion requirement mandated by 28 U.S.C. § 2254(b)(1)(A); that statute provides: "An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State...."

In order to satisfy the exhaustion requirement, a *habeas* petitioner must fairly present the substance of his claims for relief to the highest state court in a procedurally proper manner so that the state's courts are given a fair opportunity to consider his challenges before those issues come to federal court for *habeas corpus* review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) This is so because state courts, "like federal courts, are obliged to enforce federal law." *Id.* at 844 (citing *Rose v. Lundy*, 455 U.S. 509, 515-516, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) and *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950).). Exhaustion is not completed unless the prisoner has presented his claims to the State's

---

[1] To the extent that petitioner also complains about the conditions of confinement at the Lincoln Parish Jail, he fails to state a claim for which *habeas* relief may be granted. Attacks, such as this one, on conditions of confinement are not cognizable in a *habeas* petition. See *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994) Since success on petitioner's conditions of confinement claim would not entitle him to accelerated release, he is not entitled to *habeas corpus* relief pursuant to either 28 U.S.C. § 2241 or §2254. He must pursue such claims in a civil rights complaint filed pursuant to 42 U.S.C. §1983.

highest court, even if review by that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 844 ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.") Louisiana's highest court is the Louisiana Supreme Court. LSA Const. Art. 5, §5(a). Thus, a complete round of Louisiana's established appellate review process includes an application for writs in the Louisiana Supreme Court. See Supreme Court Rule X.

Petitioner has not challenged the legality of his custody in either the District Court, the Court of Appeals or the Louisiana Supreme Court. Instead, he implies that he is exempt from the exhaustion requirement. According to petitioner, his earlier attempt to litigate the lawfulness of custody was rejected by the Lincoln Parish Clerk of Court. However, as shown above, petitioner is obliged to "fairly present" his Constitutional claims to the State courts and in order to do so, he must present his claims in the state courts in a procedurally proper manner and in accordance with the rules of the State courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999 Here, it appears that petitioner submitted his claims to the Third Judicial District Court on the form provided for State prisoners seeking federal *habeas* relief. The Clerk of Court rejected this improper filing and instructed petitioner to re-submit his claims on the appropriate form. [Doc. 6][2]

In short, petitioner has not exhausted state court remedies. Further, he has not

---

[2] The October 2, 2009 correspondence from the Lincoln Parish Clerk of Court advised petitioner, "This looks like it was supposed to be sent to Federal Court in Monroe. If so, you need to send it to them. If it is for us, we need it to be in proper form for our writ system." [Doc. 6, p. 3]

3

demonstrated that such remedies are now unavailable. Finally, he has not demonstrated any reason which would exempt him from the exhaustion requirement.

Therefore,

Petitioner's request to proceed *in forma pauperis* [Doc. 6] is **GRANTED**. Petitioner's application for writ of *habeas corpus* – insofar as it seeks release from custody [Docs. 1, 3] – is **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies prior to filing suit; and, petitioner's application for writ of *habeas corpus* insofar as it complains of conditions of confinement [Doc. 7] is **DISMISSED WITH PREJUDICE** for failing to state a claim for which *habeas corpus* relief may be granted.

In Chambers, Shreveport, Louisiana  November 13 , 2009.

/s/ Donald E. Walter
**DONALD E. WALTER**
**UNITED STATES DISTRICT JUDGE**